O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| MARK HOOD, ) | Case No. EDCV 09-00509-MLG |
| Plaintiff, ) | MEMORANDUM OPINION AND ORDER |
| v. ) | |
| MICHAEL J. ASTRUE, ) Commissioner of the ) Social Security ) Administration, ) | |
| Defendant. ) | |

**I.   Background**

Mark Hood filed an application for Social Security Disability Insurance Benefits on July 25, 2005, alleging that he had become disabled and unable to work on December 9, 2002, due to lower back pain, depression, dyslexia, illiteracy, hypertension, and bilateral shoulder pain. (Administrative Record ("AR") at 26, 51-53). His application was denied initially and upon reconsideration. (AR at 21, 29, 36). An administrative hearing was held on August 8, 2007, before Administrative Law Judge ("ALJ") Keith Varni. (AR at 160-184).

\\

Plaintiff, who was represented by counsel, testified that he was born on April 18, 1959, and was then forty-eight years old. (AR at 163). Plaintiff has a ninth grade education. (AR at 163). Plaintiff stated that he cannot read or write. (AR 174). His work experience includes employment as power pole installer. (AR at 165). Plaintiff last worked in December 2002, when he was injured on the job. (AR 165-66). In 2006, Plaintiff attempted work as a mail sorter, but that job ended after a month because of his dyslexia. (AR at 169). He has not worked since that time.

Plaintiff testified that he is unable to work because of depression; back, knee, and shoulder pain; and high blood pressure. (AR 169). The pain and swelling keeps him from lifting heavy objects and walking long distances. (AR 172-74). He claims to suffer from daily headaches. *Id.* He takes Vicodin for pain and Paxil for depression. (AR 177-78).

On August 24, 2007, the ALJ issued a decision unfavorable to Plaintiff. (AR at 11-19). The ALJ found that during the relevant time period, Plaintiff suffered from severe impairments of the musculoskeletal system and while the evidence was somewhat questionable, he also suffered from depression. (AR at 13). He found that Plaintiff could perform his past work, but can perform unskilled medium work, except for that involving complex or detailed work. (AR 14). Using the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, App. 2, Rule 201 ("the grids"), as a framework for decision, as well as a report from the state reviewing agency, (AR at 64-65), the ALJ found that Plaintiff there were a substantial number of jobs Plaintiff could perform, including jobs as an addresser, nut sorter or cuff folder. (AR at 19).

Plaintiff's request for review was denied by the Appeals Council on January 23 (AR at 3-5). Plaintiff now seeks judicial review of the ALJ's final decision denying his application for benefits. On October 14, 2009, the parties filed a Joint Stipulation of disputed issues. For the reasons stated below, the matter shall be remanded for further proceedings.

**II.   Plaintiff's Claims**

Plaintiff asserts the following claims: (1) the ALJ improperly evaluated the opinion of a consultative medical examiner; (2) the ALJ erred by failing to secure the testimony of a vocational expert; and (3) the ALJ made improper credibility findings. Joint Stipulation ("JS") at 2). Plaintiff seeks reversal of the Commissioner's decision and a remand for an award of benefits or a new hearing. Defendant requests that the ALJ's decision be affirmed. Because the Court finds that the ALJ erred in failing to obtain vocational expert testimony, the court will only address that issue.[1]

**III. Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Social Security Commissioner's decision to deny benefits. The Commissioner's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007); *Tackett v. Apfel*, 180 F.3d

---

[1] The Court assumes that on remand, a new decision will be reached with a reassessment of Plaintiff's depression on his ability to work as well as a new credibility determination.

1094 (9th Cir. 1999). Substantial evidence means more than a scintilla, but less than a preponderance; it is evidence that a reasonable person might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

**IV. Discussion**

**A.   The ALJ Erred in Relying on the Medical Vocational Guidelines in light of Plaintiff's Non-Exertional Limitations**

Plaintiff contends that the ALJ erred in utilizing the Medical-Vocational Guidelines[2] to reach a determination that there existed work in the economy that Plaintiff could perform. According to Plaintiff, he suffers a significant non-exertional limitation, specifically depression. He claims that the ALJ assumed the role of the vocational expert in determining that Plaintiff's nonexertional limitations did not prevent him from doing other work. Plaintiff's argument is correct.

The consultative examiner, Dr. Adam Cash, found that Plaintiff suffered from depression and mild mental retardation that would moderately impair Plaintiff in concentration, persistence and pace, as well as moderately impair his social functioning in the workplace and

---

[2] 20 C.F.R., Part 404, Subpart P, Appendix 2.

tolerance for stress. (AR at 135). Based on this report, the ALJ specifically found that Plaintiff's depression would limit his ability to perform a full range of medium work in that it would limit his to the work that was not complex or detailed.  Rather than question a VE who has the expertise to evaluate the availability of such work, the ALJ employed the grids "as a framework" for concluding that Plaintiff's limitations would not preclude him from performing a significant number of jobs in the national economy.  In doing so, the ALJ reached his own independent evaluation of the additional consequences resulting from the non-exertional impairments. Thus, the ALJ erroneously resorted to the grids and relied upon them as more than just a "framework." (AR at 15). This was error.

When a claimant suffers from both exertional and non-exertional impairments, the ALJ must first consult the grids to determine whether a finding of disability can be based on the exertional impairments alone.  20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(e)(2).  If the grids direct a finding of disability, benefits must be awarded. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 (9th Cir. 1989).  If the exertional impairments alone are insufficient to direct a finding of disability, the grids may be used as a framework, but the ALJ must independently examine the additional consequences resulting from the non-exertional impairments.  *Id*. at 1156.

In *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999), the court held that an ALJ's use of the grids is justified where the grids "*completely and accurately* represent a claimant's limitations . . . In other words, a claimant must be able to perform the *full range* of jobs in a given category". (Emphasis in original). *See also Lounsburry v. Barnhart*, 468 F.3d 1111, 1115 (9th Cir. 2006).  However, in *Polney v.*

5

*Bowen*, 864 F.2d 661, 663-64 (9th Cir. 1988), the Ninth Circuit held that "where . . . a claimant's nonexertional limitations are in themselves enough to limit [the claimant's] range of work, the Grids do not apply, and the testimony of a vocational expert is required". *See also Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002)(holding that vocational expert must be consulted when Grids do not "adequately take into account claimant's abilities and limitations"). Because the ALJ found that Plaintiff's depression would limit his ability to perform a full range of work at the medium exertional level, the grids are inapplicable and the ALJ should have taken testimony from a vocational expert as to whether there were jobs Plaintiff could perform in light of the non-exertional limitations. *Moore v. Apfel,* 216 F.3d 863, 869 (9th Cir. 2000). The case shall be remanded for this purpose.

### Conclusion

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. Accordingly, it is **ORDERED** that this case be remanded to the Commissioner for further proceedings consistent with this opinion.

DATED: October 28, 2009

_____
MARC L. GOLDMAN
United States Magistrate Judge